EFFIE MASCHE AND OTHERS v. JOHN HAAS.[1]

December 10, 1926.

Nos. 25,563, 25,564.

**Account of guardian charged with amount of note and mortgage negligently accepted by him as cash.**

1. A guardian sold the undivided interests of his wards in real estate. For the greater portion of the purchase price he accepted a note and third mortgage on the property sold and other property. The evidence sustains the finding that he was negligent in so doing, though he acted in good faith; and the court properly charged him as cash with the full amount of the note and mortgage.

**Court properly denied motion to amend report and order confirming sale.**

2. There was no error in denying the motion of the guardian to amend his report of sale and order confirming it, reciting a sale for cash, by alleging that it was understood that the deferred payment should be by note and mortgage.

Guardian and Ward, 28 C. J. p. 1189 n. 51; p. 1222 n. 39; p. 1232 n. 43 New.

[1] Reported in 211 N. W. 308.

Defendant took separate appeals from orders of the district court for Redwood county, Olsen, J., denying his motions for a new trial. Orders affirmed.

*Somsen, Dempsey & Flor,* for appellant.

*N. R. Ryerson,* for respondents.

DIBELL, J.

Effie Masche, Anna Berg, formerly Anna Masche, and Herman Masche, appealed to the district court of Redwood county from an order of the probate court of date January 15, 1925, allowing the final account of John Haas, their guardian, filed December 8, 1923. In the final account was involved a sale of real estate of the minors on June 11, 1920. The report of sale was made on October 1, 1920, and it was confirmed on October 2, 1920. The district court modified the order of the probate court by charging the guardian as cash on hand with the amount of a note of $6,603.47, secured by a third mortgage, taken by him as part of the purchase price upon the sale of the land of his wards. The guardian appeals from the order denying his motion for a new trial and this we designate the first appeal.

On January 4, 1924, the guardian petitioned the probate court asking that his report of October 1, 1920, and the order confirming it, be amended so as to show that the sale of the interest of the minors was not for cash, as recited in the petition and order, but that the purchase money was to be paid in the form of a note and mortgage of the purchaser for $6,603.47. The probate court by its order of January 15, 1925, dismissed the petition. The district court affirmed the order of the probate court, so far as it dismissed the petition, and the guardian appeals from the order denying his motion for a new trial. This we designate the second appeal.

In the district court the two appeals from the probate court were tried together, and the appeals to this court were argued together. Some question is made as to the propriety of the second appeal which we do not stop to consider.

1. Herman Masche, the father of the appellants and of Mary Masche, now Mrs. Mamenga, their sister, died in 1908, the owner

of a quarter section of land in Redwood county, subject to a mortgage of $2,700, of which one 80 was the family homestead. The homestead descended to the four children, ¼ to each, subject to the life estate of the widow. The other 80 descended ⅓ to the widow and ⅔ to the four children, that is, 1/6 to each. The widow and children continued living upon the farm. Afterwards the widow married William Berger. The family occupancy continued.

In 1920 the Bergers wanted to sell the farm and move to Canada. On April 6th of that year John Haas was appointed guardian of the three minors. Arrangements were made for the sale of the farm to Otto J. Schmid for $24,000. Of this sum $12,800 was apportioned to the homestead and $11,200 to the other 80. The value of the life estate of Mrs. Berger was fixed at $7,572.58. She was allowed $750 for the care of her children, above rental charged her for their portion of the 80, and a claim for taxes paid of $400; and some other small charges were made against the minors.

The sale was made June 11, 1920, and reported to the court on October 1, as a sale for cash, and confirmed on October 2. On December 8, 1923, Haas filed his account stating that all the property of his wards in his hands was a note of $6,603.47, made by Schmid and wife, payable to the three minors, dated November 15, 1920, due in 5 years, and secured by a mortgage on the farm.

When Schmid bought he had about $4,400 in cash. The plan was that he would borrow so much as he could on the farm and apply it on the $24,000 purchase price. He placed a first mortgage of $10,000 and a second one of $3,000. This gave something like $17,400 in cash which was applied on the purchase price of $24,000. The three wards received their proportion of the money used in payment of the $2,700 mortgage, and the charges of $1,150 in favor of their mother, and a few minor charges, and Effie Masche received $100 in cash. The Bergers and Mrs. Mamenga insisted upon all cash for themselves and received it. All of the deferred payment of $6,603.47 was shifted to the three children, and was secured by a third mortgage on the farm subject to the prior mortgages of $13,000. If allowed their proportionate share of the money paid they would have

received $4,600. They received no cash, except that necessary to discharge the mortgage covering the farm, the charges against them in favor of their mother, a few items of expenses, and the $100 which Effie got. All the rest of the money their mother and sister received and it was enough to pay them in full and they took no risk. The three children took all the risk and less than their proportion of the money.

The statute provides that a sale of a minor's property may be had under license of the probate court "when it appears that it would be for the benefit of the ward that his real estate or any part thereof should be sold, and the proceeds thereof put at interest or invested in other real estate, in first mortgages on real estate, or bonds of the United States or of this state, or municipal or school district bonds of this state, or in the improvement or protection of any other real estate of the ward." G. S. 1923, § 8834. The statute suggests the policy. We are not required to determine whether in any case a ward's property may be sold and a mortgage not the first one may be taken as part payment. In no event is this such a case. The mortgage on the interest of the minors was not overly burdensome. The taxes on the life estate were a charge against their mother. The situation was not such as to warrant such a sale of their property. The evidence sustains the finding of the trial court that "the guardian failed to exercise ordinary prudence, care or diligence in the matter and was negligent." We would dislike sustaining a different one.

Of course the situation must be viewed as things were in 1920 when farm conditions were prosperous and the outlook hopeful. The court finds that the guardian acted in good faith. He thought the third mortgage would be paid. He became guardian at the instance of the Bergers so that a sale might be made. It is as clear as facts can make it that the minors had no genuine protection nor real representation through their guardian. It was an affair of the Bergers and the older daughter from the beginning. The guardian was not doing wrong knowingly but he was doing what the law cannot sanction. The result places a heavy burden upon him but not an unjust

one. The law cannot permit the interests of wards to be frittered away as were the interests of the three here involved.

2. Conceding the propriety of the second appeal, little need be said of it. If the amendment had been allowed there would still be a way of reviewing the propriety of the sale. In no way could it be sustained. What is said in considering the first appeal determines this one.

Orders affirmed.